JUDGE CASTEL



# 16 CV 0569

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MANORHAVEN CAPITAL LLC,
F/K/A BENGAL PARTNERS LLC,

                     Plaintiff,

     v.

MATTHEW HEISSAN, STRONGHOLD
MEDIA, LLC, BRUCE L. ELSTEIN,
GOLDMAN, GRUDER & WOODS LLC,

                    Defendants.

**VERIFIED
COMPLAINT**



1.      Plaintiff Manorhaven Capital, LLC brings this action against Matthew Heissan and Stronghold Media, LLC for violations of the Stored Communications Act ("SCA"), 18 U.S.C. § 2707, in connection with intentional and unauthorized access of a facility through which an electronic communication service is provided, and against Bruce L. Elstein, Esq. and Goldman, Gruder & Woods LLC for conspiring with the other defendants to violate the SCA in violation of Connecticut law.

## Jurisdiction and Venue

2.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1367.

3.      The Court has supplemental jurisdiction for the causes of action arising under state law.

4.      Venue is proper in this District pursuant to 28 § U.S.C. 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District.

## Parties

5.        Plaintiff Manorhaven Capital, LLC ("Manorhaven" or "Plaintiff") f/k/a Bengal Partners, LLC ("Bengal Partners") is a Delaware limited liability company and a broker-dealer registered under the Securities Exchange Act of 1934 (the "Exchange Act") and is a member in good standing of FINRA.  Since on or about May 1, 2015, Plaintiff's principal place of business, is, and was, 120 Wall Street, 24th Floor, New York, New York 10005.

6.        Defendant Stronghold Media, LLC ("Stronghold") is a Delaware limited liability company which provides IT services.  Upon information and belief, Stronghold's principal place of business is located at 12 Jacob Street, Norwalk, Connecticut 06853.  Stronghold is wholly owned by Defendant Heissan.

7.        Defendant Matthew Heissan ("Heissan") is an individual who owns, operates and does business through Stronghold.  Heissan resides at 12 Jacob Street, Norwalk, Connecticut 06853.

8.        Defendant Bruce L. Elstein, Esq. ("Elstein") is an individual who is a member of the law firm Goldman, Gruder & Woods LLC ("GGW").  Upon information and belief, Elstein resides in Connecticut.  Elstein's principal place of business is located at 105 Technology Drive, Trumbull, Connecticut 06611.

9.        Defendant GGW is a Connecticut limited liability company engaged in the practice of law in Connecticut.  GGW maintains a principal place of business at 200 Connecticut Avenue, Norwalk, Connecticut 06854 and maintains an office at 105 Technology Drive, Trumbull, Connecticut 06611.

10.     Defendants GGW and Elstein represent Stronghold in a separate proceeding against Plaintiff based on an alleged breach of contract pending in Superior Court in Bridgeport, Connecticut (the "Connecticut Proceeding").

## Factual Background

11.     As a registered broker-dealer, Plaintiff is required by the Exchange Act and the rules promulgated thereunder, as well as the rules promulgated by FINRA, to maintain electronic records in a non-rewritable, non-erasable format, known as WORM format (Write Once, Read Many) and to generally preserve such records for up to 6 years.

12.     In 2007, Plaintiff retained a third-party independent vendor, Smarsh Inc. ("Smarsh"), to provide the WORM record keeping facility for its electronic records, including email and instant messages (the "Facility").  Smarsh, among other services offered, provides WORM-compliant facilities to broker-dealers to allow for expeditious search and recovery of electronic records.  Since 2007, as required under SEC and FINRA Rules and Regulations, Smarsh continues to provide Plaintiff with WORM record keeping services and facilities.

13.     In or around 2005/2006, Plaintiff (then known as Bengal Partners LLC) hired Defendants Heissan and Stronghold to provide certain IT services to Plaintiff.  Thereafter, Defendants Heissan and Stronghold continued to render services to Plaintiff on an ad hoc, as needed basis.

14.     During Plaintiff's engagement of Heissan and Stronghold, Plaintiff provided Heissan access to the Facility to allow Heissan and Stronghold to perform IT services.

15.     The authorization to access to the Facility granted to Heissan and Stronghold was limited to access necessary for Heissan and Stronghold to provide IT services to Plaintiff. Neither Heissan nor Stronghold were granted an all purpose access authorization.

16.     Plaintiff believes that Defendants violated the prohibitions of 18USC 2707 in each and every search and downloading wrongful accessary of the Plaintiff's electronic records. The first of these unauthorized accessing and downloading occurred on April 20, 2015, and thereafter. However, giving Defendants the benefit of every doubt, the authorization granted to Heissan to access the Facility, without conceding that any search by Defendants was authorized, ended no later than April 23, 2015. It is Plaintiff's position that there can be no contention that any authority to access the Facility expired prior to April 23, 2015.

17.     Defendants Heissan and Stronghold knowingly and intentionally accessed the Facility numerous times to run searches and download electronic communications maintained in that facility. Each individual point of access, search and download either exceeded the authorization granted to Heissan and Stronghold to access the Facility or was undertaken without authorization.

18.     Defendants Heissan and Stronghold knowingly and intentionally accessed the Facility without authorization or exceeded their authority to access the Facility on at least seven separate days. Records automatically kept by Smarsh made contemporaneous entries of each wrongful entry into the Plaintiff's electronic system and reflect that those were from an email address matt@strongholdmedia.com.

19.     On April 20, 2015, Defendants Heissan and Stronghold accessed the Facility without authorization, or in excess of their authorization, and downloaded at least 115 folders to Defendant Heissan's personal computer. At this time, the number of electronic communications within those folders is unknown.

4

20.    On April 25, 2015, Defendants Heissan and Stronghold accessed the Facility without authorization and downloaded at least one folder to Defendant Heissan's personal computer. At this time, the number of electronic communications within that folder is unknown.

21.    On April 28, 2015, Defendants Heissan and Stronghold accessed the Facility without authorization and downloaded at least 9 folders to Defendant Heissan's personal computer. At this time, the number of electronic communications within those folders is unknown.

22.    On May 13, 2015, Defendants Heissan and Stronghold accessed the Facility without authorization, created one folder, added 138 electronic communications stored in the Facility to that folder and then downloaded that folder to Heissan's controlled computer. That same day Defendants Heissan and Stronghold downloaded at least 21 additional folders to Defendant Heissan's controlled computer. At this time, the number of electronic communications within those additional folders is unknown.

23.    On May 14, 2015, Defendants Heissan and Stronghold accessed the Facility without authorization, created 15 folders, added 37,225 electronic communications stored in the Facility to those folders and then downloaded those folders to Heissan's controlled computer. That same day Defendants Heissan and Stronghold downloaded at least 20 additional folders to Defendant Heissan's controlled computer. At this time, the number of electronic communications within those additional folders is unknown.

24.    On May 15, 2015, Defendants Heissan and Stronghold accessed the Facility without authorization, created 3 folders, added 1,713 electronic communications stored in the Facility to those folders and then downloaded those folders to Heissan's controlled computer. That same day Defendants Heissan and Stronghold downloaded at least 6 additional folders to

Defendant Heissan's personal computer. At this time, the number of electronic communications within those additional folders is unknown.

25.    On August 19, 2015, Defendants Heissan and Stronghold accessed the Facility without authorization, ran 35 independent searches in the Facility bringing up 10,772 electronic communications.

26.    Upon information and belief Defendants Elstein and GGW conspired with Heissan and Stronghold to violate the SCA. Specifically, Elstein and GGW encouraged, guided and concealed Heissan and Stronghold's continued access of electronic communications in the Facility.

27.    Upon information and belief Defendants Elstein, GGW, Heissan and Stronghold agreed that Heissan and Stronghold would access the Facility in violation of the SCA to obtain documents they could use, and actually have used for an unfair, strategic advantage in the Connecticut Proceeding.

28.    As detailed above, Defendants Heissan and Stronghold wrongfully obtained at least 49,848 electronic communications from the Facility. Many of these electronic communications were protected by an attorney-client privilege or contained confidential and proprietary information and/or information subject to confidentiality under SEC Regulation SP.

29.    Defendants Heissan and Stronghold delivered these electronic communications to Defendants Elstein and GGW.

30.    Defendants Elstein and GGW introduced in the Connecticut Proceeding electronic communications wrongfully obtained by Heissan and Stronghold from the Facility, including documents that are protected by an attorney-client privilege. Moreover, Defendants Elstein and GGW tried to introduce emails that neither Defendants Heissan or Stronghold Media were

participants clearly demonstrating the wrongful notice of such conduct, in violation of 18USC 2707.

31.    Defendants Elstein and GGW knew of the unauthorized access by Heissan and Stronghold and in furtherance of their scheme did not disclose such access to Plaintiff until they attempted to introduce in the Connecticut Proceeding the wrongfully obtained documents.

32.    The duty of Defendants Elstein and GGW to serve and advance their client's interest in the Connecticut Proceeding was limited by a prevailing duty to comply with the law and the rules of professional conduct.

33.    Defendants Elstein and GGW also violated the Connecticut Rules of Professional Conduct including but not limited to: Rule 1.2(d) prohibiting a lawyer from counseling a client to engage in conduct known to be criminal or fraudulent; Rule 4.4(a) prohibiting a lawyer from using methods to obtain evidence that violate the legal rights of another; and Rule 8.4(a) prohibiting a lawyer from violating the Rules of Professional Conduct through the acts of another.

<u>**First Cause of Action**</u>
**Violation of 18 U.S.C. § 2707 Against Defendants Heissan and Stronghold**

34.    Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 33 above as if fully set forth herein.

35.    Defendants Heissan and Stronghold repeatedly accessed the Facility knowingly and intentionally.

36.    Each time Defendants Heissan and Stronghold accessed the Facility as described herein, such access was either without authorization or beyond the scope of any authorization given.

37.      Defendants Heissan and Stronghold obtained, reviewed and downloaded no fewer than 49,848 electronic communications from the Facility, including but not limited to documents protected by the attorney-client privilege, without the Plaintiffs' knowledge, authorization, or consent.

38.      As a result of the foregoing, Plaintiff suffered actual harm and damages.

## Second Cause of Action
### Civil Conspiracy Against All Defendants

39.      Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 38 above as if fully set forth herein.

40.      Defendants agreed to engage in a scheme to violate the SCA and to use the documents obtained from Plaintiff in violation of the SCA to gain an advantage in the Connecticut Proceeding.

41.      In furtherance of the conspiracy, Defendants Heissan and Stronghold repeatedly accessed the Facility and downloaded documents from the Facility in violation of the SCA.

42.      In furtherance of the conspiracy, Defendants Heissan and Stronghold delivered the wrongfully obtained documents to Defendants Elstein and GGW, who accepted and utilized the documents in the Connecticut Proceedings.

43.      As a result of the foregoing, Plaintiff suffered actual harm and damages.

44.      Defendants are jointly and severally liable for damages from their conspiracy.

## Third Cause of Action
### For Preliminary and Injunctive Relief

45.      Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 44 above as if fully set forth herein.

46.     Defendants have in their custody and control at least 49,848 of Plaintiff's confidential communications ("Confidential Electronic Communications") which they have obtained by virtue of the Defendants' violation of 28USC 2707, the SCA.

47.     Defendants have already made a concerted effort to use the Confidential Electronic Communications obtained through their violations of the SCA.

48.     Defendants continue to possess and control their wrongfully acquired Confidential Electronic Communications.  There is a real and continuing threat as attempting or actually using the Confidential Electronic Communications.

49.     In the absence of the court issuing a Preliminary and Permanent Injunction the Defendants' ongoing violations of the SCA will furthers and irreparably damage the Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

A.      Awarding compensatory and statutory damages in favor of Plaintiff and against Defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

B.      Granting Plaintiff injunctive relief preventing Defendants from further violating the SCA by accessing the Facility;

C.      Granting Plaintiff injunctive relief preventing Defendants from utilizing documents wrongfully obtained in violation of the SCA;

D.      Awarding Plaintiff its reasonable costs and expenses incurred in this action, including counsel fees and expert fees;

E.      Awarding Plaintiff prejudgment interest;

F.      Awarding Plaintiff punitive damages; and

G.      Awarding Plaintiff such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial of all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: January 25, 2016

GUSRAE KAPLAN NUSBAUM PLLC

By:_____
        Martin H. Kaplan
        120 Wall Street
        New York, NY 10005
        Tel: (212) 269-1400
        Fax: (212) 809-5449
        Email: mkaplan@gusraekaplan.com

        *Attorneys for Plaintiff Manorhaven Capital LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MANORHAVEN CAPITAL LLC,
F/K/A BENGAL PARTNERS LLC,

          Plaintiff,

   v.

MATTHEW HEISSAN, STRONGHOLD
MEDIA, LLC, BRUCE L. ELSTEIN,
GOLDMAN, GRUDER & WOODS LLC,

          Defendants.

## VERIFICATION

STATE OF NEW YORK    )
                      ss:
COUNTY OF NEW YORK  )

    ZACHARY MARANS, being duly sworn, states that he is Managing Member of The

Plaintiff Manorhaven Capital LLC and that the foregoing complaint is true to his own knowledge,

except as to matters therein stated to be alleged on information and belief and as to those matters

he believes them to be true.

                                         Zachary Marans

Sworn to before me this 25th day

Of January, 2016.

    Notary Public

BRYAN S. DIXON
Notary Public, State of New York
Registration #02DI6309073
Qualified In Richmond County
Commission Expires 03 / 04 / 2018