UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3-21-16
```

MANORHAVEN CAPITAL LLC,
F/K/A BENGAL PARTNERS LLC,

        Plaintiff,

-against-

MATTHEW HEISSAN, STRONGHOLD
MEDIA LLC, BRUCE L. ELSTEIN,
GOLDMAN, GRUDER & WOODS LLC,

        Defendants.

**PERMANENT INJUNCTION**

Civ. No. 16-cv-0569 (PKC)

WHEREAS, plaintiff, Manorhaven Capital LLC f/k/a Bengal Partners LLC, ("Manorhaven") having commenced the above captioned action by the filing of a Verified Complaint with the Clerk for the United States District Court, Southern District of New York, on January 26, 2016;

WHEREAS, the Verified Complaint has not been served via summons upon defendants;

WHEREAS, plaintiff filed and served *A Temporary Restraining Order and an Order to Show Cause for a Preliminary Injunction* as granted by this Court (Docket No. 3);

WHEREAS, the Preliminary Injunction and Order to Show Cause hearing was subsequently extended and adjourned by consent of all parties and the Court; and

NOW upon consent of all parties, it is agreed that the plaintiff Manorhaven Capital LLC f/k/a Bengal Partners LLC, is to be granted a Permanent Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure as follows:

IT IS HEREBY ORDERED that the parties stipulate and agree to be bound by this Order; and it is further

ORDERED that pursuant to Rule 65(d)(1) of the Federal Rules of Civil Procedure the parties agree and the Court is satisfied and accepts as true the following:

(A) A permanent injunction is required to protect the confidential and proprietary nature of plaintiff's electronically stored information ("ESI") that is in the possession of defendants; that defendants never intended to and have no interest in publishing, copying, disseminating, or providing to anyone other than the parties or their counsel, plaintiff's ESI; that defendants have no separate or independent claim to ownership of the ESI; that defendants are willing to destroy or return plaintiff's ESI in defendants' possession; and, defendants agree to be bound by an order of this Court, for the express purpose of dispelling any fear or concern, on behalf of plaintiff (or its clients or customers), that defendants might copy, disseminate or publish plaintiff's ESI;

(B) the injunction, as set forth in this order, is permanent; and

(C) the acts required by this order are more specifically described herein;

And it is further

ORDERED that defendants Matthew Heissan, Stronghold Media LLC, Bruce L. Elstein and Goldman, Gruber & Woods LLC, and any of their officers, agents, servants and employees, are hereby enjoined and restrained, from the date of this Order until otherwise modified by a further order of this Court, from directly or indirectly copying, disseminating, or providing to anyone outside of the context of this or any other litigation between one or more of the parties, with ESI in defendants possession including without

limitation documents or information obtained by way of download from plaintiff's independent archive vendor, Smarsh, Inc. ("Smarsh") or plaintiff's servers (the "Download"); and it is further

ORDERED, that the defendants are required to provide to plaintiff any and all ESI in defendants' possession that was obtained by way of the Download by delivering the ESI directly to plaintiff's counsel within fifteen (15) days of the date of this Order, and it is further

ORDERED, that each of the defendants shall provide plaintiff's counsel with an affidavit confirming that they are no longer in possession of any ESI obtained by way of the Download other than those documents produced in accordance with this Order, and it is further

ORDERED, that the parties do not waive any defenses, rights or claims they have or may have in this or any other action between or among any party to this Order, and it is further

ORDERED that this Order does not supersede, waive or abrogate the provisions of any contract and/or agreement between or among any party to this action; and it is further

ORDERED that this Court shall retain jurisdiction of all matters pertaining to this Order, and the parties agree to submit to the jurisdiction of this Court for matters relating to the complaint herein and the continuing enforcement of this Order, and it is further

ORDERED that the parties agree to be bound by the terms of this Order pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to all the parties, and it is further

ORDERED that defendants Hessian and Stronghold Media's time to answer or otherwise move with respect to the complaint is extended to April 29, 2016;

ORDERED that to the extent any of the above provisions are deemed to apply to the confidentiality of plaintiff's ESI, pursuant to Rule 5 of Judge P. Kevin Castel's Individual Rules of Practice:

> Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006) and any other controlling authority. Unless otherwise ordered, a party seeking to file an opposing party's confidential information shall so advise the opposing party fourteen (14) days in advance specifying the precise portion of the information the party seeks to use, the general purpose thereof and any redactions to which the party does not object. Within seven (7) days thereafter, the party whose confidential information is sought to be used may make an application to seal in accordance with the first paragraph of this Order, indicating the portion or portions of the information it seeks to have sealed. Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

GUSRAE KAPLAN NUSBAUM PLLC

By: _____
Martin H. Kaplan
J. Christopher Albanese
120 Wall Street
New York, NY 10005
Tel: (212) 269-1400
Email: mkaplan@gusraekaplan.com
*Attorneys for Plaintiff*

GOLDBERG SEGALLA, LLP

By: _____
Peter Biging
600 Lexington Avenue
New York, New York 10022
Tel: (646) 292-8700
Fax: (646) 292-8701
*Attorneys for Matthew Heissan, and Stronghold Media, LLC*

KAUFMAN DOLOWICH VOLUCK, LLP

By: _____
Amanda Griner
Brett A. Scher
135 Crossways Park Drive
Suite 201
Woodbury, NY 11797
*Attorneys for Bruce L. Elstein and Goldman, Gruder & Woods, LLC*

*SO ORDERED:*

_____
Date

_____
United States District Court Judge

GUSRAE KAPLAN NUSBAUM PLLC

By: _____
Martin H. Kaplan
J. Christopher Albanese
120 Wall Street
New York, NY 10005
Tel: (212) 269-1400
Email: lnkaplan@gusraekaplan.com
*Attorneys for Plaintiff*

GOLDBERG SEGALLA, LLP

By: _____
Jason Ederer
600 Lexington Avenue
New York, New York 10022
Tel: (646) 292-8700
Fax: (646) 292-8701
*Attorneys for Matthew Heissan, and Stronghold Media, LLC*

KAUFMAN DOLOWICH VOLUCK, LLP

By: _____
Amanda Griner
Brett A. Scher
135 Crossways Park Drive
Suite 201
Woodbury, NY 11797
*Attorneys for Bruce L. Elstein and Goldman, Gruder & Woods, LLC*

SO ORDERED:

3-21-16
Date

_____
United States District Court Judge